UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson et al., | Case No. 13-858 (SRN/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Piping & Dewatering Services, Inc., | |
| Defendant. | |

Christy Lawrie for Plaintiffs.
No appearance on behalf of Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 1, 2015 on the Court's Order to show cause why Defendant Piping & Dewatering Services, Inc. and its owner, James Wagner, should not be held in civil contempt for failing to obey the Court's March 4, 2015 Order (ECF No. 63). Pursuant to 28 U.S.C. § 636(e), this Court **CERTIFIES** to the District Court the Findings of Fact set forth below and **RECOMMENDS** that Defendant be held in contempt and fined $100 per day until it complies with the Court's March 4, 2015 Order (ECF No. 55). The Court additionally **RECOMMENDS** that if Defendant fails to comply with the March 4, 2015 Order by August 1, 2015, James Wagner should also be held in contempt and immediately arrested by the U.S. Marshal.

### I. FINDINGS OF FACT

On April 12, 2013, Plaintiffs filed their Summons and Complaint in this matter. *See* ECF Nos. 1 and 3. Defendant failed to answer the Complaint and the Clerk of Court entered default against Defendant on May 20, 2013. *See* ECF No. 9. No attorney has noticed an appearance on behalf of Defendant in the present case.

On June 11, 2013, Plaintiffs filed a motion for default judgment and injunction. ECF No. 10. Defendant did not appear at the hearing on Plaintiffs' motion for default judgment and injunction. *See* Minute Entry, ECF No. 16. While the Court denied the motion for default judgment, it did enter an injunction prohibiting Defendant from "ignoring its obligations under the relevant Collective Bargaining Agreement and requiring it to forthwith produce for inspection [certain] payroll and employment records for the period of January 1, 2010, through the present." Order and Injunction 1, ECF No. 17. Defendant, by and through its owner and authorized agent James Wagner, was personally served with the Court's Order on October 8, 2013. *See* Return of Service, ECF No. 18.

After Defendant failed to produce any payroll or employment records as ordered by the Court, Plaintiffs filed a motion for an order to show cause on November 1, 2013. ECF No. 19. Specifically, Plaintiffs sought an order requiring Wagner to appear in person before the Court to show cause why he should not be held in civil contempt for failing to obey the Court's Order. Mem. in Supp. 2, ECF No. 20. On November 5, 2013, Defendant and Wagner were ordered to appear before the Court on December 9, 2013 to show cause why a contempt order should not be entered. Order, ECF No. 24. This Order was personally served on Defendant, by and through Wagner, on November 18, 2013. Return of Service, ECF No. 26. After the hearing on the order to show cause was rescheduled multiple times, Plaintiffs withdrew the motion upon receiving the court-ordered documents from Wagner. *See* Letter to Magistrate Judge, ECF No. 33.

On March 12, 2014, Plaintiffs filed a motion for entry of judgment. ECF No. 34. Defendant was personally served, by and through Wagner, with the motion and notice of hearing on March 20, 2014. Certificate of Service, ECF No. 41. Defendant, however, failed to respond to the motion or attend the hearing. *See* Minute Entry, ECF No. 42. On June 24, 2014, the Court granted Plaintiffs'

motion and ordered that judgment be entered in the amount of $242,943.97 against Defendant and in favor of Plaintiffs. Order, ECF No. 44.

On December 12, 2014, Plaintiffs served Defendant with Interrogatories and Requests for the Production of Documents in Aid of Execution. Lawrie Aff. ¶ 4, ECF No. 49. Defendant failed to respond to these requests. *Id.* ¶¶ 5–8. Accordingly, Plaintiffs filed a motion to compel post-judgment discovery on January 29, 2015. ECF No. 46. This motion and notice of hearing was personally served on Defendant, by and through Wagner, on February 3, 2015. Certificate of Service, ECF No. 52. A hearing on the motion was held on March 2, 2015, but Defendant failed to appear. Minute Entry, ECF No. 54. The Court granted Plaintiffs' motion on March 4, 2015 (the "March 4 Order") and ordered that Defendant must provide responses to Plaintiffs' discovery requests within 10 days of being served with the Order. Order, ECF No. 55. Despite being personally served with this Order on March 9, 2015, Defendant failed to produce any documents in compliance with the Court's Order. Mem. in Supp. 2, ECF No. 59; *see also* Certificate of Service, ECF No. 57.

Due to Defendant's failure to comply with the Court's March 4 Order, Plaintiffs filed a motion for an order to show cause on April 7, 2015, seeking the Court to require Defendant, by and through Wagner, to appear and show cause why it should not be held in contempt for failing and refusing to obey the Court's order. ECF No. 58. The Court granted the motion and ordered that Defendant and Wagner appear before the Court on June 1, 2015. Order, ECF No. 63. Defendant was personally served, by and through Wagner, with this Order on May 12, 2015. Certificate of Service, ECF No. 65.

The Court held a hearing on the order to show cause on June 1, 2015 at 9:00 a.m. No

representative of Defendant, including Wagner, appeared at the hearing. Minute Entry, ECF No. 66. Plaintiffs now seek the Court to hold Defendant and Wagner in contempt of court, and order that Wagner be incarcerated as a sanction for failing to comply with the Court's March 4 Order. ECF No. 59 at 3–4.

## II. CONCLUSIONS OF LAW

**A.    Contempt power of this Court**

"[I]t if firmly established that the power to punish for contempt[] is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The contempt powers of a United States magistrate judge are outlined in 28 U.S.C. § 636. The statute states, in relevant part:

(e) **Contempt authority**. –

    (1)    **In general.** A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.
. . .

    (4)    **Civil contempt authority in civil consent and misdemeanor cases.** In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, . . . the magistrate judge may exercise the civil contempt authority of the district court. . . .
. . .

    (6)    **Certification of other contempts to the district court.** Upon the commission of any such act—

        (A)    in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, . . . that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or

        (B)    in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—

            (i)    the act committed in the magistrate judge's presence may, in the

> opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged to be in contempt by reason of the facts so certified. . . .

28 U.S.C. § 636(e).

As the parties in this case have not consented to having a magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the undersigned does not have the power to exercise the civil contempt authority of the district court. *See* 28 U.S.C. § 636(e)(4). The undersigned's authority is limited to certifying the underlying facts that constitute a civil contempt to the district judge. *See id.* § 636(e)(6)(B). Accordingly, the Court issues this Report and Recommendation as its certification of facts to the district judge.

**B.     Legal standard**

The Court may hold a party in contempt of court for violating a discovery order. *Edeh v. Carruthers*, No. 10-cv-2860, 2011 WL 4808194, *2 (D. Minn. Sept. 20, 2011); Fed. R. Civ. P. 37(b)(2)(A)(vii). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947)). Civil contempt is

designed to either "coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id.* at 505. Such coercion can be accomplished by either a fine or incarceration. *Id.*

The party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnor violated the Court's orders. *Edeh*, 2011 WL 4808194, at *3. The burden then shifts to the alleged contemnor to show an inability to comply with the order. *Id.* A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. *Chi. Truck Drivers*, 207 F.3d at 506. Rather, the alleged contemnor defending on the ground of inability must establish: (1) that it was unable to comply; (2) that its inability to comply was not self-induced; and (3) that it made in good faith all reasonable efforts to comply. *Id.*

**C.     Analysis**

It is clear to this Court that Defendant has not complied with the Court's March 4, 2015 Order. The record indicates that Wagner, Defendant's authorized agent, was personally served with the Court's Order on March 9, 2015. ECF No. 57. Plaintiffs' attorney, Christy Lawrie, submitted a sworn affidavit indicating that Defendant has yet to provide responses to Plaintiffs' discovery requests. Lawrie Aff. ¶ 3, ECF No. 60. Indeed, Defendant neither appeared at the hearing nor submitted any documentation to this Court indicating that Defendant has complied with the Order. Accordingly, the Court concludes that Plaintiffs have met their initial burden of proving that Defendant violated the Court's March 4 Order.

In order to avoid being found in contempt, Defendant must show that it was unable to comply with the Order. *See Edeh*, 2011 WL 4808194, at *3. As stated above, Defendant failed to appear before the Court pursuant to the Court's order to show cause why it should not be held in

contempt. Defendant has also failed to submit any documentation explaining why it should not be held in contempt. Defendant has been given numerous opportunities to appear before the Court and explain why it has not responded to pleadings, discovery requests, and court orders. Despite these opportunities, neither Defendant, nor any representative of Defendant, have ever made an appearance before this Court. Consequently, the Court finds that Defendant has not met its burden to show an inability to comply with the Court's Order and therefore must be found in contempt of court pursuant to Rule 37(b)(2)(A)(vii).

Plaintiff argues that the civil contempt sanction should be directed at Wagner, even though he is not a party to this lawsuit. ECF No. 59 at 5. The Eighth Circuit has stated that "[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chi. Truck Drivers*, 207 F.3d at 507. As stated by the Supreme Court, "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376 (1911); *see also Chi. Truck Drivers*, 207 F.3d at 507 (finding that the Court's order was binding on the corporation's sole shareholder and corporate officer, even though the order made no specific reference to him).

According to Plaintiffs, Wagner represents himself as the owner of Defendant, and Plaintiffs reasonably believe that he has custody and control over the information and documents that Defendant has been ordered to produce. ECF No. 60 ¶ 6. Indeed, Plaintiffs' attorney represented at the hearing that Wagner informed her that only he or his office manager have the ability to access

the documents requested. Furthermore, Wagner has been the individual who has personally accepted service on behalf of Defendant for all filings made in this case. He is also listed as the corporation's CEO in Minnesota Secretary of State filings. Based on the information in the record, it is clear that Wagner had knowledge of the March 4 Order but personally failed to take the appropriate action necessary to produce the documents. This, coupled with the fact that Wagner has refused to appear before this Court and explain why he should not be personally held in contempt, is sufficient for the Court to conclude that Wagner, as a corporate representative of Defendant, may personally be held in contempt if the Court deems it appropriate.

However, given the fact that Wagner is not a party to this lawsuit, the Court finds that ordering Wagner's incarceration as a contempt sanction is inappropriate at this time. Rather, the Court concludes that a monetary sanction in the form of a fine on Defendant for every day discovery remains outstanding from the date of this Order is more appropriate. Specifically, a fine of $100 per day should be imposed on Defendant from the date of this Order until it complies with the Court's March 4 Order. Such fine shall be added to the judgment Plaintiff has against Defendant. If, however, after 60 days, Defendant has still not complied with the March 4 Order, the Court recommends that Wagner be ordered to personally appear before the district judge and show cause why he, as the representative of Defendant, should not also be held in contempt. If Wagner fails to appear, he should be held in contempt and a warrant should be issued for his immediate arrest. Wagner should then be detained until he either complies with the March 4 Order or adequately explains to the Court why his corporation has not complied with the Order.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Defendant be found in contempt of Court pursuant to Rule 37(b)(2)(A)(vii);

2. Defendant be ordered to pay $100 per day, starting from the date of this Report and Recommendation until it produces documents in compliance with the Court's March 4, 2015 Order. Such fine shall be added to the judgment Plaintiffs have against Defendant;

3. Defendant's owner, James Wagner, is not in contempt of Court at this time. However, if Defendant fails to produce documents responsive to the Court's March 4, 2015 Order within sixty (60) days of the date of this Report and Recommendation, James Wagner should be ordered to personally appear before the district judge and show cause why he, as the representative of Defendant, should not also be held in contempt. If Wagner fails to appear, the Court should hold him in contempt pursuant to Fed. R. Civ. P. 37(b)(2)(vii) and issue a warrant for his immediate arrest by the U.S. Marshal. Wagner should then be detained until he either complies with the March 4, 2015 Order or adequately explains to the Court why his corporation has not complied with the Order.

DATED: June 11, 2015           *s/Franklin L. Noel*
                                FRANKLIN L. NOEL
                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 26, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **Hybe 26, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.